IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JERRI YOUNT                                                                                       PLAINTIFF

v.                                    CIVIL NO. 08-3013

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on July 30, 2004, alleging an inability to work since April 15, 1999, due to fibromyalgia; carpal tunnel syndrome, status postoperative; chronic obstructive pulmonary disease; anxiety disorder, not otherwise specified; depression, not otherwise specified; and a pain disorder, associated with psychological factors.[1] (Tr. 11). For DIB purposes, plaintiff maintained insured status through September 30,

---

[1] The record reflects plaintiff applied for DIB on July 17, 2002, alleging an alleged onset date of April 15, 1999. (Tr. 59-61). This application was denied at the initial level in September of 2002. (Tr. 62, 198).

AO72A
(Rev. 8/82)

2004. (Tr. 11). An administrative hearing was held on November 9, 2006, at which plaintiff appeared with counsel. (Tr. 465-507).

By written decision dated February 28, 2007, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16 ). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and carry up to twenty-five pounds frequently, fifty pounds occasionally; to sit for six hours out of an eight-hour workday; to stand/walk for no more than twenty minutes at one time for a total of six hours out of an eight-hour workday; to frequently climb, balance, kneel, crouch, crawl and stoop; and on a prophylactic basis, to have minimal exposure to vibrating hand-held tools because of a history of carpal tunnel and carpal tunnel surgery. (Tr. 17). From a mental standpoint, the ALJ found plaintiff is able to perform work where interpersonal contact is routine but superficial; complexity of tasks is learned by experience with several variables; use judgment within limits; and where supervision required is little for routine but detailed for non-routine work. (Tr. 17). With the help of a vocational expert, the ALJ determined plaintiff could perform her past relevant work as an electronics worker, a molder in a plastics factory, an inspector and a cook. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 14, 2007. (Tr. 3-5). Subsequently, plaintiff filed this action.

(Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 7, 8).

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

After reviewing all the evidence of record, we are concerned with the ALJ's findings regarding plaintiff's physical RFC. The record clearly establishes plaintiff has been diagnosed with fibromyalgia and has continued to seek treatment for this impairment since diagnosis. Fibromyalgia involves pain in fibrous tissues, muscles, tendons, ligaments and other "white" connective tissues. Diagnosis is recognized by a typical pattern of diffuse fibromyalgia and nonrheumatic symptoms, such as poor sleep, trauma, anxiety, fatigue, irritable bowel symptoms, exposure to dampness and cold, and by exclusion of contributory or underlying diseases. *See The Merck Manual,* pp. 1369-1371 (16th Edition, 1992). Its cause or causes are unknown, there is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely

subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and—the only symptom that discriminates between it and other diseases of a rheumatic character— multiple tender spots, more precisely eighteen fixed locations on the body (and the rule of thumb is that the patient must have at least eleven of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient who really has fibromyalgia to flinch.

We point out that the Eighth Circuit has held, in the context of fibromyalgia cases, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity. *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan,* 133 F.3d 583, 588-89 (8th Cir. 1998). Accordingly, plaintiff's ability to perform these tasks does not automatically render her capable of performing work.

It appears the ALJ relied on the medical source statement completed by Dr. Alice M. Martinson, a consultative examiner, in July of 2006 to find plaintiff was able to perform medium exterional work. (Tr. 415-418). Similar to medical records both prior and subsequent to her examination of plaintiff, Dr. Martinson opined that plaintiff's widespread muscle tenderness, depression and sleep disturbance constituted fibromyalgia. Dr. Martinson stated no objective signs of physical abnormality would permit a permanent impairment rating. (Tr. 414). It is uncertain whether Dr. Martinson included any limitations caused by plaintiff's fibromyalgia when completing the medical source statement. Furthermore, medical records subsequent to Dr. Martinson's evaluation show plaintiff was placed on oxygen at night to help with sleep

disturbance; that plaintiff was diagnosed with exertional dyspnea and that plaintiff continued to report diffuse pain and muscle spasms. (Tr. 433, 436, 454, 456).

We believe remand is further warranted so that the ALJ can more fully and fairly develop the record with regard to plaintiff's physical RFC. On remand the ALJ is also directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff – including, Dr. Geoffrey L. Dunaway-- asking the physicians to review plaintiff's medical records and complete a RFC assessment regarding plaintiff's capabilities during the time period in question. We further recommend that the above physicians note what if any limitations are caused by plaintiff's diagnosed exertional dyspnea.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

## IV. Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 2nd day of June 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE